**YONG ZHONG LIU, also known as Huan Liu, Petitioner,**

v.

**BOARD OF IMMIGRATION REVIEWS,[1] Respondents.**

**No. 05–0770–ag.**

United States Court of Appeals, Second Circuit.

May 2, 2006.

1. Because neither party has objected to the designation of the respondent in this petition

Gary Yerman, New York, New York, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Jeffrey P. Ray, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Yong Zhong Liu, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Paul A. DeFonzo's decision denying his motion to reopen his deportation proceedings. In a previous decision, the IJ denied Liu's application for asylum and withholding of removal by issuing a deportation order *in absentia.* We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA's decision affirms the IJ's holding but supplements it, this Court will review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's denial of Liu's motion under the abuse of discretion standard. *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any

reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

An applicant who received notice of his deportation hearing but failed to appear is entitled to rescission of the resulting *in absentia* order if he files a motion to rescind within 180 days of the order of deportation and shows that his failure to appear was the result of exceptional circumstances. 8 U.S.C. § 1252b(c)(3)(A); 8 C.F.R 1003.23(b)(4)(iii)(1). In deportation proceedings, more than one motion seeking rescission of an *in absentia* order is permitted. 8 C.F.R. § 1003.23(b)(4)(iii)(D). However, the motion to reopen that is under review with this Court does not assert that exceptional circumstances prevented Liu from appearing at his hearing; it asserts only that his deportation proceedings should be reopened because of changed personal circumstances—an approved I–140 Immigrant Petition and marriage to a U.S. citizen. Although such motions are also permitted, *see Song Jin Wu v. INS,* 436 F.3d 157 (2d Cir.2006), they are governed by 8 C.F.R. § 1003.23(b)(1), which sets a deadline of 90 days, and a limit of one motion. The BIA did not abuse its discretion in determining that Liu's motion to reopen was time and number barred under 8 C.F.R. § 1003.23(b)(1). Since 8 C.F.R. § 1003.23(b) does not contain any exceptions to the numerical limitations that are applicable to Liu's case, his motion was properly denied.

Accordingly, the petition for review is DENIED. Having completed our review,

---

for review, the caption reflects the designation as it was filed. However, we assume that petitioner meant to designate the "Board of Immigration Appeals." Further, we note that the Attorney General, not the "Board of Immigration Appeals" (or "Reviews") is the proper respondent. *See* 8 U.S.C. § 1252(b)(3).

any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).